FRANCIS VOSE, Appellant, *v.* HARRISON REED et al., Respondents.

Public officers charged with *quasi* public trusts, in the discharge of which private persons are interested, under laws creating the obligations of contracts, are not answerable for the misconduct of their predecessors. If any former officer has been guilty of a breach of such a trust, he is responsible; his successor is not. Each is answerable in his own time for his own discharge of duty.

(Argued March 20, 1873; decided June term, 1873.)

THIS action was brought by defendant to compel the application of certain moneys, the proceeds of the sale of the Florida Railroad Company, alleged to be on deposit in the National City Bank, defendant, toward the payment of interest coupons due upon bonds of said company, held by the plaintiff. The moneys were deposited with said bank or with defendant Moses Taylor by the trustees of the Internal Improvement Fund of the State of Florida.

The question of the right of plaintiff to reach the fund was dependent upon the construction of an act of the legislature of Florida providing for internal improvements in that State. The court held that, under said act, the fund in question was not applicable to the payment of interest on the bonds of the company.

The complaint contained some allegations of misappropriation of funds and breaches of trust on the part of the board of trustees. It appeared that the alleged misappropriations had not been by the defendants, the present trustees, but by their predecessors. *Held*, that the said trustees were not a corporate body under said act, and as public officers were not liable for the misconduct of their predecessors under the principles above stated; that they were only bound to administer the fund that came into their hands.

*Theron R. Strong* for the appellants.

*Wm. Henry Arnoux* for the respondents.

JOHNSON, C., reads for affirmance.

All concur.

Judgment affirmed.